IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER WEST,<br><br>      Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS WITH PREJUDICE<br><br>Case No. 1:23-cv-00031-JNP<br><br>District Judge Jill N. Parrish |

Alexander West sued Wells Fargo Bank. Before Wells Fargo answered the complaint or either party moved for summary judgment, West moved to dismiss the action. Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, the court granted the motion and dismissed the action without prejudice. Two weeks later, Wells Fargo filed a stipulated motion "for an order dismissing this case, as well any and all claims brought or that could have been brought, with prejudice." ECF No. 23. Wells Fargo represented that the parties had reached a settlement agreement and sought dismissal with prejudice pursuant to the terms of the agreement.

The court DENIES the stipulated motion because it lacks power to reopen this action to enter a different disposition. The filing of a motion for voluntary dismissal is self-executing and divests the court of jurisdiction:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district

> court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (alteration in original) (citation omitted). Indeed, the Tenth Circuit has recently clarified that even the plaintiff that dismissed the action is unable to reopen the case. *Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 920 (10th Cir. 2023) (holding that a district court may not grant a plaintiff's motion to reopen a voluntarily dismissed action because "a voluntary dismissal without prejudice under Rule 41(a) divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion to reopen"). Because the voluntary dismissal divested the court of jurisdiction, it may not reopen the action in order to dismiss it with prejudice.

DATED November 29, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge